IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAHUM MEDEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PIEZANO, LTD. d/b/a PIEZANO'S | ) |
| PIZZA & GRINDER, CO. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Nahum Medel, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Piezano, Ltd. d/b/a Piezano's Pizza & Grinder, Co. states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendant's failure to pay overtime wages, minimum wages, and not properly reimburse Plaintiff for delivery related expenses.

2. Defendant committed wage theft by not paying overtime wages, not paying minimum wages, and not properly reimbursing Plaintiff for delivery related expenses.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Nahum Medel resides and is domiciled in this judicial district.

6. Plaintiff Nahum Medel is a former employee of Defendant who was employed by Defendant in this judicial district. During the course of his employment, Plaintiff Nahum Medel handled goods that moved in interstate commerce such as gasoline.

7. Defendant Piezano, Ltd. d/b/a Piezano's Pizza & Grinder, Co. (hereinafter "Piezano") is a corporation doing business within this judicial district. Defendant Piezano is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Upon information and belief, during the last three years, Piezano has annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

9. Defendant Piezano was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

10. Defendant operates two Italian restaurants located at 2601 W. 47th Street and 3059 S. Pulaski in Chicago, Illinois.

11. Defendant offers food delivery services to its customers.

12. Plaintiff was a delivery driver from March 2015 through April 26, 2017. Plaintiff was assigned work at both locations, but worked mostly at the 47th Street location.

13. Defendant did not properly reimburse Plaintiff for gas, insurance, automobile expenses and other travel related expenses while he worked for Defendant making food

deliveries.

14. Plaintiff was paid $50 to reimburse delivery related expenses if he worked more than 40 hours in a workweek and $35 if he did not work more than 40 hours.

15. Plaintiff estimates that he drove an average of 220 miles per week while working for Defendant.

16. The amounts Defendant reimbursed Plaintiff did not cover the costs he incurred in making deliveries.

17. The Defendant's failure to adequately reimburse Plaintiff for expenses incurred on Defendant's behalf resulted in Plaintiff being paid less than both the Federal and Illinois minimum wage and was an unlawful deduction in violation of the Illinois Wage Payment and Collection Act.

18. The delivery expenses which were incurred by Plaintiff in delivering Defendant's food were incurred primarily for the benefit of the employer. The requirement that Plaintiff pay his travel expenses constituted a kick-back to the Defendant such that the hourly wages which were paid to the Plaintiff were not paid free and clear of all outstanding obligations to his employer.

19. From March 2015 through approximately March 2016, Plaintiff was paid $4.00 per hour.

20. From approximately March 2016 through April 26, 2017, Plaintiff was paid $5.00 per hour.

21. Plaintiff typically worked from 11 am to 7 pm Monday through Thursday and 11 am to 9 pm on Fridays and Sundays for an average of 52 hours per week.

22. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular

hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendant's failure to pay overtime wages to Plaintiff.

24. Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25. Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week in the three years prior to filing this lawsuit.

28. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

29. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

30. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.


31. Defendant's failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

33. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

34. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

35. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

36. During the course of his employment by Defendant, Plaintiff was not exempt

from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

37. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

38. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

39. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act

Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

41. This count arises from the violation of the IWPCA for Defendant's unlawful deductions from Plaintiff's pay.

42. During the course of his employment with Defendant, Plaintiff was not fully reimbursed for gas, insurance, automobile expenses and other delivery related expenses.

43. Plaintiff was entitled to be paid for all time worked at the rate agreed by the parties.

44. Defendant's failure to reimburse Plaintiff for all delivery related expenses violated the IWPCA.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant, as follows:

A. A judgment in the amount of all unpaid delivery related expenses as provided by the IWPCA;

B. Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and damages as set forth in 820 ILCS 115/14;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

46. This count arises from Defendant's violation of the IMWL for Defendant's failure and refusal to pay Plaintiff state-mandated minimum wages for all time worked.

47. Plaintiff was paid less than the Illinois minimum wage.

46. Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

47. Defendant's failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiff hereby incorporates and realleges paragraphs 1 through 48 as though set forth herein.

49. This Count arises from Defendant's violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

50. Defendant's failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

51. Defendant willfully violated the FLSA by refusing to pay Plaintiff the federally mandated minimum wages for all hours he worked.

52. Plaintiffs is entitled to recover unpaid wages for three years prior to the filing of this suit because of Defendant's failure to pay minimum wages for all hours worked in individual

work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked;

    B.    Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 10, 2017                    **NAHUM MEDEL**

By: _/s/Carlos G. Becerra
      One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com